IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE A. SAVANNAH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-2052-O |
| | ) | |
| UNITED STATES, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil action.

Parties: Plaintiff is a resident of Dallas Texas. Defendant is the United States government. No process has been issued in this case pending preliminary screening.

Statement of the Case: On December 10, 2007, Plaintiff filed the complaint in this action along with a motion to proceed *in forma pauperis* to establish that he is unable to pay the $350.00 filing fee. On December 19, 2007, Plaintiff submitted an affidavit in support of request to proceed *in forma pauperis*, as requested by the Court. By letter dated January 8, 2008, the undersigned requested clarification of the financial information previously provided. Plaintiff submitted a response to the above letter on January 22, 2008.

Findings and Conclusions: The statute authorizing the court to grant *in forma pauperis* status to an indigent litigant states that:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

The mere execution of an affidavit of indigence does not automatically entitle a litigant to proceed *in forma pauperis*. Rather, the court enjoys limited discretion to grant or deny a motion for leave to proceed *in forma pauperis* based upon the financial statement set forth within the applicant's affidavit. *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 337, 69 S. Ct. 85, 88 (1948); *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir.1988); *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. Unit A June 1981); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Plaintiff has failed to show that he is a person entitled to proceed without the payment of the $350 filing fee. His pleadings establish that he is presently employed at a rate of $9.00 per hour, with total gross wages for 2007 in the amount of $18,000, and net pay in the amount of $16,353.88. (*See* Plaintiff's Correspondence filed January 22, 2008, and weekly payroll statement attached thereto). He has no dependents. He owns two older model Cadillacs and his monthly take home pay significantly exceeds the limited monthly expenses. Under such

circumstances, Plaintiff is not a person who is unable to pay the $350.00 filing fee. Therefore, his motion to proceed *in forma pauperis* should be denied.

Plaintiff's motion to appoint counsel should likewise be denied. A plaintiff in a civil rights action is not entitled to court appointed counsel as a matter of law. *See Castro Romero v. Becken*, 256 F.3d 349, 353 -354 (5th Cir. 2001); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Moreover, in the instant case, Plaintiff has failed to show that his case presents any exceptional circumstances warranting the appointment of counsel. *See Ulmer*, 691 F.2d at 212 (listing factors to be considered in appointing counsel).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court deny Plaintiff's motions to proceed *in forma pauperis* and to appoint counsel. (Docket #2 and #4).

It is further recommended that the District Court dismiss this action unless Plaintiff tenders the $350.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

The Clerk will mail a copy of this recommendation to Plaintiff.

Signed this 29th day of January, 2008.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this

recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.