IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE A. SAVANNAH, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:07-CV-2052-O | |
| § | | |
| UNITED STATES, and U.S. Government, § | | |
| Defendants. § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court filed on November 3, 2008, this cause has been re-referred to the United States Magistrate Judge for pre-trial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified *pro se* civil rights action.

Parties: Plaintiff Lee A Savannah ("Savannah") is a resident of Dallas, Texas. Defendants are the United States and the United States Government. The court did not issue process in this case, pending determination of the court's subject matter jurisdiction.

Statement of Case: Plaintiff filed this action alleging conspiracy and civil rights violations under 18 U.S.C. §§ 241 and 242, and "criminal interference with rights to Fair Housing, Hate Crime" and abuse by public officials. His complaint is hardly an exemplar of clarity, and describes fantastic or delusional scenarios. Thereafter, the magistrate judge recommended that Plaintiff's motion to proceed *in forma pauperis* be denied.

After the payment of the filing fee and the re-referral of this case, the magistrate judge

notified Plaintiff that his complaint failed to allege a jurisdictional basis, and ordered him to submit an amended complaint in compliance with Rule 8(a), Federal Rules of Civil Procedure. On December 22, 2008, Plaintiff filed a pleading requesting the court to proceed with this action. The Clerk docket this latest pleading as an amended complaint.

Findings and Conclusions: Although Plaintiff initially sought to proceed *in forma pauperis*, he subsequently paid the $350 filing fee, thus rendering inapplicable the screening process with respect to *in forma pauperis* complains under 28 U.S.C. § 1915(e)(2). Screening of his fee-paid complaint is thus limited to determining whether this court may exercise subject matter jurisdiction over his case. Subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988). *See also Gaar v. Quirk,* 86 F.3d 451, 453 (5th Cir.1996) (courts have the duty to raise the issue of jurisdiction *sua sponte,* even if the parties have not raised the issue themselves); *Giannakos v. M/V Bravo Trader,* 762 F.2d 1295, 1297 (5th Cir.1985) (same); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999) (*per curiam*) (citing *Hagans v. Lavine,* 415 U.S. 528, 536-37, 94 S.Ct. 1372, 1378-79 (1974)), the court recognized a district court's authority to conduct a limited screening procedure, *sua sponte*, in a fee-paid non-prisoner's complaint, if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." The court also held that *sua sponte* dismissal is appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480 (citing *Dilworth v. Dallas County Community*

*College District*, 81 F.3d 616, 617 (5th Cir. 1996)).

The District Court should dismiss this case *sua sponte* for lack of subject matter. The complaint fails to allege a federal question arising under the Constitution or federal law. *See* 28 U.S.C. § 1331. Plaintiff's reliance on 18 U.S.C. §§ 241 and 242 (*see* Original Complaint at 1) does not provide a basis for civil liability. *See Hanna v. Home Ins. Co.,* 281 F.2d 298, 303 (5th Cir.1960); *Gill v. State of Texas*, 153 Fed. Appx. 261, 2005 WL 2868257, *1 (5th Cir. 2005) (unpublished per curiam). In his amended complaint, Plaintiff requests to proceed with this "criminal action." Decisions as to whether to file and/or prosecute violations of criminal statutes fall within the prosecutor's discretion, and, as a private citizen, Plaintiff has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S. Ct. 1146 (1973); *United States v. Batchelder,* 442 U.S. 114, 124, 99 S. Ct. 2198, 2204 (1979). Moreover, his allegations regarding "internet website advertising my life style. At the approx time 3:45 p.m. to 4:15 p.m., everyday, threw [sic] Myspace YouTube Amazon" describe fantastic or delusional scenarios which are clearly irrational and incredible. (Amended Complaint at 1).

Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff cannot rely on diversity of jurisdiction. It is clear from the face of the complaint that this action is *not* between citizens of different states. Plaintiff merely seeks to sue the United States, which is not a "citizen" of any state within the meaning of diversity jurisdiction. *Lummis v. White,* 629 F.2d 397, 402 (5th Cir. 1980), reversed on other grounds,

*Cory v. White*, 457 U.S. 85, 102 S. Ct. 2325 (1982).[1]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED *sua sponte* for want of jurisdiction.

Signed this 6th day of January, 2009.

                                              /s/ Wm. F. Sanderson, Jr.
                                              WM. F. SANDERSON, JR.
                                              UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[1] The United States also enjoys sovereign immunity, and cannot be sued without its consent. *See United States v. Mitchell,* 463 U.S. 206, 212, 103 S. Ct. 2961 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").